# NORMAN J. PAULLUS
*v.*
# DEPARTMENT OF REVENUE

Herman W. Winter, Heppner, represented plaintiff.

Glen V. Sorensen, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered September 9, 1977.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from defendant's Order No. VL 76-578, dated October 8, 1976, relating to the taxability, under ORS 481.272, of an item of personal property located in Morrow County, Oregon, identified as Assessor's Account No. P-353, Code 1-1. It was placed on the assessment rolls as of January 1, 1976, as a "fixed load vehicle," pursuant to ORS 481.272. Plaintiff contends that the subject property is exempt from

ad valorem taxation by reason of ORS 481.270, as a licensed vehicle.

Plaintiff owns and operates a fleet of log trucks and is required to load logs in the course of his business. The subject property has been used to load logs in the past, and it was stipulated at trial that during the 1976-1977 tax year it was used primarily (although not exclusively) for loading logs. The issue before the court is whether the property is a "log loader," subject to ad valorem taxation as a "fixed load vehicle" under ORS 481.272, or is exempt from ad valorem taxation under the provisions of ORS 481.270 and 481.272(4) as a "self-propelled mobile crane."

Photographic evidence and plaintiff's testimony concerning the physical characteristics of the subject property indicated that it is what the heavy equipment industry refers to as a "truck-mounted crane" or a "mobile truck crane." The operator's cab and boom are permanently mounted on a motorized flatbed truck which transports the crane from location to location. The crane portion is operated by a separate motor. According to the plaintiff, this vehicle is capable of reaching speeds of 50 miles per hour on the highway. Plaintiff further testified that, since his purchase of the subject property in 1973, it has been used primarily to load logs but it has also been used to load scrap metal and chip boxes, to raise overturned vehicles to an upright position, and to clear logging trash, using suitable attachments designed for such purposes and fitted as needed to the boom of the crane.

In the spring of 1975, plaintiff, while returning the subject property from the Pendleton area to Morrow County, was cited by the Oregon State Police for failure to obtain PUC registration. At that time the vehicle was registered with the Motor Vehicles Division but did not carry PUC plates. Plaintiff introduced into evidence a letter from the administrator of the Motor Carrier Enforcement Division of the Public Utility Commissioner's office which recommended

that the subject property be PUC-plated and that plaintiff pay weight-mile taxes pursuant to ORS chapter 767. Plaintiff testified that he complied with this recommendation because he believed his failure to do so would jeopardize the operation of his log truck business. Plaintiff has paid highway use taxes[1] and truck registration fees for the subject property since mid-1975. Plaintiff's basic problem arises from conflicts or ambiguities in ORS 481.270 and 481.272.

ORS 481.270 provides in pertinent part:

"(1) *Except as provided in * * * ORS 481.272* and 481.885, the *registration and license fees imposed by this chapter upon vehicles,* and upon the owners thereof by reason of such ownership, *are in lieu of all other taxes and licenses, * * *.*

"* * * * *

"(3) Except as otherwise provided * * * in ORS 481.272, *if a vehicle is properly registered and licensed under this chapter* on January 1 of any year or at any time during the six months immediately preceding January 1 of such year, *such vehicle is entitled to the exemption provided by subsection (1) of this section* for the assessment year beginning on January 1 of such year." (Emphasis supplied.)

ORS 481.272 provides in pertinent part:

"(1) *Fixed load vehicles are not exempted from ad valorem taxation by ORS 481.270.*

"(2) As used in this chapter, 'fixed load vehicles' means vehicles with or without motive power, that are neither designed nor used primarily for the transportation of persons or property over public highways or streets. As used in this subsection, 'property' does not include a permanent load in the form of any equipment or appliance constructed as a part of or permanently attached to the body of the vehicle nor does 'property'

---

[1] Plaintiff's testimony emphasized the imposition of the PUC use tax and the requirement of PUC plating. This testimony was irrelevant, as the Department of Revenue noted in its opinion. ORS 767.830 specifies that the PUC taxes are in addition to and not in lieu of other state, county or municipal fees and taxes.

include any equipment or appliance that is ordinarily kept on or in the vehicle in order that the vehicle may be used for its primary purpose.

"(3) For the purposes of this section, *fixed load vehicles' include * * * log loaders, * * *.*

"(4) As used in this section, *fixed load vehicles' do not include* mobile homes, travel trailers, tow cars * * * or *self-propelled mobile cranes."* (Emphasis supplied.)

 ORS 481.105 requires registration of motor vehicles. "Motor vehicle" is defined in ORS 481.040 as any "self-propelled vehicle or vehicle designed for self-propulsion * * *." The subject property qualifies under this definition as a "motor vehicle." In order for the subject property to be operated on the highways, ORS 481.202 requires that it also be licensed by the Motor Vehicles Division. License fees for self-propelled mobile cranes are established in ORS 481.210(2)(a), and for fixed load vehicles, in ORS 481.210(5). As the fees are different for these two classes of vehicles, the Motor Vehicles Division, at the time of licensing, was required to determine that the subject property was either a fixed load vehicle or a self-propelled mobile crane. The vehicle was licensed as a "truck," according to the testimony of the plaintiff. The court notes that ORS 481.210(2)(a) establishes license fees for "motor trucks, truck tractors, armored cars, wreckers, motor busses, tow cars, self-propelled mobile cranes, hearses and ambulances" on the basis of weight. The court infers from plaintiff's testimony that this is the statutory provision under which the subject property is licensed and that the Motor Vehicles Division determined plaintiff's vehicle to be a "self-propelled mobile crane," exempt from ad valorem tax by ORS 481.272(4) and not a "fixed load vehicle" ("log loader"), subject to ad valorem tax by ORS 481.272(1), (2) and (3).

Plaintiff asserts that the subject property is exempt from ad valorem taxation under the provisions of ORS 481.272(4), because it is a "self-propelled mobile crane." He gives two reasons for this conclusion: first,

because the Public Utility Commissioner and the Motor Vehicles Division have made administrative determinations that the subject property should be licensed as a truck (self-propelled mobile crane) and must pay weight-mile and fuel taxes; and second, because the subject property was not exclusively used as a log loader during the tax year at issue.

Plaintiff relies on an opinion issued by the Oregon Attorney General, 32 Op Att'y Gen 123 (1965), in which the State Tax Commission (now the Department of Revenue) was advised concerning the treatment of self-propelled mobile cranes and log loaders for ad valorem tax purposes. The Attorney General's opinion stated in part, at 123-124:

> "Your request for an opinion concerns the possible exemption of certain mobile cranes from ad valorem taxation by registration and licensing. Mobile cranes are either crawler or wheel-mounted. Crawler-type cranes may not be licensed and operated upon the highways. This opinion concerns wheel-mounted cranes which in turn may be classed as having either one or two motors. The one motor mobile crane utilizes a single source of power both for operation of the crane and for locomotion. Many one motor mobile cranes are too slow to be operated upon the highways and must be transported from one site of operation to another. The two motor mobile crane consists of a motor truck on which is mounted a rotating crane operated by a separate motor. In the heavy equipment industry the one motor mobile crane is usually referred to as a 'self-propelled mobile crane' and the two motor mobile crane is referred to as a 'truck mounted crane' or a 'mobile truck crane.'
>
> "* * * * *
>
> "It is evident that the legislature intended that fixed load vehicles which are primarily used off of the highways should pay ad valorem taxes. It appears to be logical that of the two types of cranes the so-called truck-mounted crane [the two-motor type, which includes the subject of this suit] would be equally or even more suitable for use upon the highways. There is no apparent reason for the legislature to employ the technical distinction which the heavy equipment industry uses

in reference to the two types of cranes involved. The statutory words used have an ordinary meaning aside from the technical distinctions of the heavy equipment industry. The language is broad enough to include the truck-mounted crane as it is referred to by the industry. Therefore, it is reasonable to conclude that such cranes may be licensed as self-propelled mobile cranes and exempt from ad valorem taxation."

In the same opinion, at 125, the Attorney General stated:

"The use of a mobile crane as a log loader is an off the highway use of such equipment. Since it appears to be the intention of the legislature to subject equipment, which is primarily used off the highways to ad valorem taxation, it is reasonable to assume that if a mobile crane is principally used as a log loader the legislature intended that it should only be licensed with a fixed load vehicle license and that such equipment should be subject to ad valorem property taxation.

"The Department of Motor Vehicles should license mobile cranes which are used as log loaders with a fixed load vehicle license which will enable them to be moved from one site of operation to another when necessary. It is for the department to determine whether or not the principal use of the mobile crane is such that it is to be designated as a log loader. Cranes when used as log loaders are subject to ad valorem taxation."

Thus, the Attorney General construed ORS 481.270 and 482.272(1) to (5) to find that log loaders which are also self-propelled mobile cranes should be licensed by the then Department of Motor Vehicles as a fixed load vehicle and that such cranes are also subject to ad valorem taxation; in short, such a vehicle is within the exception to ORS 481.270 and it is subject to licensing and to ad valorem taxes.

Opinions of the Attorney General are not binding on the state agencies requesting them (*State ex rel. v. Mott,* 163 Or 631, 640, 97 P2d 950, 954 (1940), nor are they binding on this court. However, as in a brief *amicus curiae,* they may be considered by the court and are often found helpful, as in this instance.

[ 187 ]

■■ The situation presented by the facts of this case illustrates the need for cooperation between state agencies required to perform related statutory functions. This court has no power to affect the determinations made by the Motor Vehicles Division or the Public Utility Commissioner with respect to the subject property. It can only review the action of the Department of Revenue in approving the ad valorem taxation of the subject property.

The case of *Roy L. Houck & Sons v. Tax Com.,* 229 Or 21, 366 P2d 166 (1961), involved a problem similar to that presented here. The plaintiff in that case owned several pieces of earth-moving equipment which were registered with the Department of Motor Vehicles (now Motor Vehicles Division) and licensed as fixed load vehicles. During the tax year in question in that suit, fixed load vehicles were exempt from property taxation by virtue of such licensing. The State Tax Commission sought to tax the equipment as personal property, asserting that the registration and licensing were "voluntary" and not "imposed" by the provisions of ORS chapter 481. The Supreme Court found that the registration and licensing of the earth-moving equipment were "imposed" upon the plaintiff in that case, and held that the property was exempt from ad valorem property taxation.

As was true in the *Houck* case, *supra,* registration and licensing are "imposed" upon the property which is the subject of this suit by the provisions of ORS chapter 481, in order that it may be operated on the highways of this state. ORS 481.105, 481.202. (In addition, it is required to pay weight-mile taxes collected by the Public Utility Commissioner pursuant to ORS 767.700 to 767.905. Payment of these taxes, however, does not exempt the subject property from ad valorem taxation. ORS 767.830(1).)

■■ Registration and license fees imposed by and paid pursuant to the provisions of ORS chapter 481 are "in lieu of all other taxes and licenses," with certain

exceptions which include fixed load vehicles. ORS 481.270 and 481.272. The exception of fixed load vehicles from this provision, making them subject to ad valorem taxation, was added as ORS 481.272 by Or Laws 1959, ch 417, § 3. Self-propelled mobile cranes were excluded from the definition of "fixed load vehicles" at that time. In the same act, ORS 481.210 was amended, placing self-propelled mobile cranes in the weight-based license fee category of vehicles listed in subsection (2) of that section, and specifically excluding them from the fixed load vehicle-license fee category of vehicles listed in subsection (5) of that section. In 1961, ORS 481.272 was amended to remove self-propelled mobile cranes from the specified exceptions to the definition of "fixed load vehicles." Or Laws 1961, ch 539. (The provisions of ORS 481.210 with respect to the weight-based license fee remained unchanged.) In 1963, self-propelled mobile cranes were again specifically excluded from the definition of "fixed load vehicles." Or Laws 1963, ch 405. The legislative intent to grant an exemption for self-propelled mobile cranes, against patent opposition, is clearly illustrated by this history of revocation and renewal.

■■■ The legislature specifically included log loaders in the examples of "fixed load vehicles" set out in subsection (3) of ORS 481.272. It specifically excluded self-propelled mobile cranes from that class in subsection (4) of ORS 481.272. The subject property may be characterized as either a log loader or a mobile crane, but it appears from the structure of the statutory definition section that it should not be included in both classifications.

■■■ It is logical to assume that the legislature has left the classification of such equipment to the appropriate licensing agencies, since they are in a position to make an individual determination for a particular piece of equipment.

[ 189 ]

██ ██ It appears to the court that the legislative intent manifested by the statutory scheme for licensing and registration of motor vehicles, and the legislative history evidenced by the aforementioned series of amendments, is that vehicles registered and licensed as self-propelled mobile cranes, and paying license fees according to that classification, are to be exempt from ad valorem taxation. The classification, of necessity, must be made by the licensing agency, in this instance the Motor Vehicles Division. (See ORS 481.915 enumerating the duties of the division.) No statutory provision has been made for an independent classification by county assessors or the Department of Revenue.

This court holds that the subject vehicle, having been licensed and registered as a self-propelled mobile crane, is exempt from ad valorem taxation.

The County Assessor and Tax Collector of Morrow County, Oregon, shall amend the assessment and tax rolls for the tax year 1976-1977 in accordance with this decision. If taxes have been paid by the plaintiff in excess of those required by the assessment and tax rolls as amended, the excess, with statutory interest thereon, shall be remitted to the plaintiff by the Board of County Commissioners of Morrow County, Oregon, pursuant to ORS 311.806 and 311.812.

Plaintiff is entitled to his statutory costs.